In re David G. and April L. GALT, Debtors.

Kenneth and Joann CORNETT, Objectors,

v.

David G. and April L. GALT, Debtors.

Bankruptcy No. 1–86–02980.

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 9, 1987.

Lisa A. Lovingood, Covington, Ky., for debtors.

Jeffrey C. Arnze, Covington, Ky., John A. Schuh, Cincinnati, Ohio, for objectors.

William R. Schumacher, Cincinnati, Ohio, trustee.

## DECISION AND ORDER

BURTON PERLMAN, Bankruptcy Judge.

Debtors in this case seek confirmation of their Chapter 13 plan. Unsecured creditors, Kenneth and JoAnn Cornett (hereinafter "creditors"), object to confirmation, stating that the plan is contrary to

§ 1325(a)(1), not complying with the provisions of Chapter 13 and, further, that it is not proposed in good faith, as required by § 1325(a)(3).

At the hearing, it became apparent that creditors' first objection was premised on the facts that debtors had previously filed a Chapter 7 petition on February 22, 1983 and debtors' current Chapter 13 plan proposes less than 100% distribution to unsecured creditors. Creditors argue that § 1325(a)(1) incorporates § 727(a)(8) and (9) and forbids the filing of a Chapter 13 composition plan within six years of the Chapter 7 filing.

Creditors also argue that the plan was not filed in good faith because the plan proposes a low percentage to unsecured creditors. At the hearing, the court ruled on this argument, holding that payments under the plan represented a serious commitment to repay creditors, because the monthly payments proposed represented all that debtors could reasonably be expected to pay to the trustee in view of their income and expenses. The parties then submitted post-hearing memoranda on the issue raised by the first objection.

The creditors' position that the debtors may not file a composition Chapter 13 plan within six years of filing a Chapter 7 case depends on *Perry v. Commerce Loan Company,* 383 U.S. 392, 86 S.Ct. 852, 15 L.Ed.2d 827 (1966). The issue in *Perry* was whether a debtor could file a Chapter XIII petition under the Bankruptcy Act of 1898 with a plan that proposed 100% payment to unsecured creditors within six years of the filing of a liquidation case in which the debtor obtained a discharge. The Supreme Court interpreted § 14(c)(5) of the Bankruptcy Act, which read:

(c) The court shall grant the discharge (in bankruptcy) unless satisfied that a bankrupt has

\* \* \* \* \* \*

(5) In a proceeding under this title commenced within six years prior to the date of the filing of the petition in bankruptcy * * * been granted a discharge, or had a composition or an arrangement by way of composition or a wage earner's plan by way of composition confirmed under this title * * *.

11 U.S.C. § 32(c)(5).

The Supreme Court distinguished between composition and extension plans and concluded:

" * * * We do not believe that the Congress intended to apply the six-year bar of § 14(c)(5) to the confirmation of wage earner extension plans. * * * The unmistakable purpose of the six-year provision was to prevent the creation of a class of habitual bankrupts—debtors who might repeatedly escape their obligations as frequently as they chose by going through repeated bankruptcies.

Therefore, the Supreme Court held that the debtor was permitted to file an extension plan within six years of a prior Chapter 7 discharge. In dictum, the Supreme Court further said:

Nor does our construction imply an immunity from the six-year bar to those seeking confirmation of wage earner compositions. A composition under Chapter XIII, unlike an extension, is closely akin to straight bankruptcy and to proceedings under Chapter XI and XII, for under such a plan the debtor is discharged from his debts and the claims of the creditors are only partially paid. [Citations omitted]. It is both logical and consistent with the underlying purposes of § 14(c)(5) that confirmation of wage-earner compositions be barred by prior bankruptcy, since repeated use of such plans would, in effect, provide an opportunity for abuse of the Act.

It is this statement from which creditors launch their attack on confirmation of the plan now before us.

We have reached the conclusion that the quoted dictum in *Perry* should not control the disposition of the present objections. Our reasoning for that conclusion turns on the supercession of the Bankruptcy Act by the Bankruptcy Code. Section 14(c)(5) was the general discharge section of the Bankruptcy Act which applied to all chapters.

There is no general bankruptcy discharge section in the present Bankruptcy Code. Instead, in each of Chapters 7, 11, and 13 of the Code, is to be found a provision controlling discharges thereunder. Section 1328 governs who may receive a discharge under Chapter 13. That section states that:

(a) As soon as practicable after completion by the debtor of all payments under the plan, * * * the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under § 502 of this title, * * *. [Except for long-term debts or alimony and child support].

\* \* \* \* \* \*

(b) At any time after the confirmation of the plan and after notice and hearing, the court may grant a discharge to a debtor who has not completed payments under the plan only if—

(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not be justly held accountable;

(2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under Chapter 7 of this title on such date; and

(3) modification of the plan under § 1329 of this title is not practical.

Sections 727(a)(8) and (9) govern discharge in a Chapter 7 case and read:

(a) The court shall grant the debtor a discharge, unless—

\* \* \* \* \* \*

(8) the debtor has been granted a discharge under this section, under section 1141 of this title or under sections 14, 371, or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition;

(9) the debtor has been granted a discharge under section 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least—

(A) 100% of the allowed unsecured claims in such case; or

(B)(i) 70% of such claims; and

(ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort;

\* \* \* \* \* \*

Nothing in the above-quoted sections prohibits a discharge to a Chapter 13 debtor who proposes a composition plan within six years after filing a Chapter 7 petition.

Clearly, a debtor may not receive a Chapter 7 discharge within six years of filing a Chapter 13 plan that paid less than 100% of allowed unsecured claims unless the debtor meets the criteria found in § 727(a)(9)(B)(i) and (ii). But we cannot reach the conclusion urged by creditors that these sections show an intent by the Code drafters to prohibit a debtor from filing a Chapter 13 petition that proposes a composition plan within six years of a Chapter 7 filing.

There are several problems with the reading of the statute urged by creditors. First, *Perry* was decided under the former Act. The drafters of the Bankruptcy Code of 1978 were well aware of the *Perry* rule, yet there is nothing in the present Code which expressly prohibits a Chapter 13 debtor proposing a composition plan, from obtaining a discharge within six years from the filing of a Chapter 7 case. Secondly, any reliance on § 727 is inappropriate because that section specifically does not apply to Chapter 13 cases. *See*, 11 U.S.C. § 103(b).

Courts which have addressed this issue have held that there is nothing in the Code which prohibits a Chapter 13 debtor from obtaining a discharge within six years of a Chapter 7 filing. The court in *In re Ponteri*, 31 B.R. 859 (Bankr.N.J.1983), states:

The only doubtful requirement is whether "the plan has been proposed in

good faith and not by means forbidden by law." 11 U.S.C. § 1325(a)(3). Once the plan has been confirmed, and if all payments are made, a discharge under section 1328 of the Code follows as a matter of course. There is no clearly articulated prohibition in Chapter 13 against the successive filing of Chapter 13 petitions within any time limit of the filing of any other petition under the Bankruptcy Code.[1]

*Id.* at p. 861.

The court in *In re Meltzer,* 11 B.R. 624 (Bankr.E.D.N.Y.1981), stated that:

> The six-year bar to successive discharges found in 11 U.S.C. § 727(a)(8) is not applicable to cases commenced under Chapter 13 of the Bankruptcy Code; § 727(a)(8) applies only to Chapter 7 cases.

We adhere to our ruling announced at the hearing, that the plan proposed meets the test of good faith. That conclusion is reinforced upon consideration of § 1325(b)(1)(B). There, the statute provides that upon objection to confirmation of a plan, we may not approve the plan unless:

    \*    \*    \*    \*    \*    \*

> (B) The plan provides that all of the debtor's projected disposable income to be reserved in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

We are satisfied that the plan proposed meets this test.

The objections are overruled.

So Ordered.

---

1. The court in *Ponteri,* however, concluded that the standards enumerated in § 727 *may* be applied by way of analogy and preclude confirmation of a Chapter 13 composition plan.